UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BENJAMIN CALDWELL and MEREDITH CALDWELL, individually and as parents and next friend of CHRISTOPHER CALDWELL,<br>            Plaintiffs<br><br>v.<br><br>GROVE OPERATING LIMITED PARTNERSHIP, EQUITY RESIDENTIAL PROPERTIES MANAGEMENT CORP., EQUITY RESIDENTIAL PROPERTIES MANAGEMENT CORP. II, EQUITY RESIDENTIAL PROPERTIES MANAGEMENT LIMITED PARTNERSHIP, SAMUEL ZELL as Trustee of EQUITY RESIDENTIAL, and EQUITY RESIDENTIAL,<br>            Defendants | Civil Action No. 04-11950-MLW |

## ANSWER

The defendants hereby respond to the Complaint. All allegations not specifically admitted below shall be deemed denied.

### INTRODUCTION

The first sentence of the first unnumbered paragraph of the Complaint entitled "Introduction" purports to characterize claims asserted in the Complaint and asserts conclusions of law about the nature of the plaintiffs' claims. Those conclusions of law require no answer. To the extent that the first sentence of the first unnumbered paragraph characterizes claims asserted in the Complaint, the defendants deny having violated Chapter 186, §15B or Chapter 93A of the Massachusetts General Laws. With regard to the second sentence of the first

unnumbered paragraph of the Complaint, defendants deny having been negligent in any manner. With regard to the third sentence of the first unnumbered paragraph of the Complaint, defendants deny that they breached the implied warranty of habitability in any manner. Defendants deny the fourth sentence of the first unnumbered paragraph of the Complaint. Defendants deny the final sentence of the first unnumbered paragraph.

## JURISDICTION

Defendants say that the issue of the Superior Court's jurisdiction is a matter of law requiring no answer and is, in any event, moot. The defendants admit that this Court has subject matter jurisdiction.

## DEFENDANTS

The unnumbered paragraph entitled "Defendants" does not appear to contain any factual allegations, and therefore requires no answer. The second page of the Complaint appears to have been included in error, as it appears to be the second page of the civil action cover sheet. To the extent that an answer is deemed required, defendants admit that it accurately lists the named defendants. The defendants' answers as to these defendants appear in Paragraphs 4 through 9 of this Answer.

The paragraph entitled "G. Brief Description of Plaintiffs' Injuries" does not appear to contain any factual allegations, and therefore requires no answer. To the extent this paragraph is deemed to require an answer, the defendants deny this paragraph.

## PARTIES

1.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

2

3. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Defendants deny that Grove Operating Limited Partnership is a foreign limited partnership located at 598 Asylum Avenue, Hartford, Connecticut 02110. Grove Operating Limited Partnership is a Delaware limited partnership with a principal place of business in Chicago, Illinois. All other factual allegations of paragraph 4 are denied.

5. Defendants admit that defendant Equity Residential Properties Management Corp. is a Delaware corporation, with a principal place of business at 2 North Riverside Plaza, Suite 400, Chicago, Illinois 60606. Defendants admit that defendant Equity Residential Property Management Corp. has a resident agent at CT Corporation, 101 Federal Street, Boston, Massachusetts 02110.

6. Defendants admit that defendant Equity Residential Properties Management Corp. II is a Delaware corporation, with a principal place of business at 2 North Riverside Plaza, Suite 400, Chicago, Illinois 60606. Defendants deny that Equity Residential Properties Management Corp. II is a proper defendant in this civil action. All other factual allegations in paragraph 6 are denied.

7. Denied. By way of further answer, defendants say that defendant Equity Residential Properties Management Limited Partnership was an Illinois limited partnership until its dissolution in 2003, and it had a principal place of business in Chicago, Illinois. Defendants deny that Equity Residential Properties Management Limited Partnership is a proper defendant in this civil action.

8. Defendants admit that defendant Samuel Zell is an individual. Defendants deny that Samuel Zell is a "Trustee of Equity Residential." Defendants admit that Equity Residential

3

has a principal place of business at 2 North Riverside Plaza, Suite 400, Chicago, Illinois 60606. Defendants deny that Samuel Zell, or Samuel Zell as Trustee of Equity Residential are proper defendants in this civil action. All other factual allegations of paragraph 8 are denied.

9.  Defendants deny that defendant Equity Residential is a "voluntary association." By way of further answer, defendants say that defendant Equity Residential is a Maryland real estate investment trust, with a principal place of business in Chicago, Illinois. Defendants deny that defendant Equity Residential has a principal office located at CT Corporation System, 101 Federal Street, Boston, Massachusetts 02110. Defendant Equity Residential has neither a principal office nor a principal place of business in Massachusetts. Defendants admit that defendant Equity Residential's resident agent is CT Corporation, located at 101 Federal Street, Boston, Massachusetts 02110. Defendants deny that Equity Residential is a proper defendant in this civil action. All other factual allegations of paragraph 9 are denied.

## STATEMENT OF ALLEGED FACTS

10. The defendants repeat and restate their responses to paragraphs 1 through 9 as though fully set forth herein.

11. Denied.

12. Defendants admit that Grove Operating Limited Partnership held title to the apartment complex located at 120 Dean Street, Taunton, Massachusetts in 2003 and 2004. By way of further answer, defendants say that the allegation regarding the ownership of the premises is a conclusion of law requiring no answer. Defendants deny the allegations contained in footnote number 2 of paragraph 12 of the Complaint. All other factual allegations of paragraph 12 are denied.

13. The first sentence of paragraph 13 is admitted. The defendants deny that Exhibit A to the Complaint constitutes a copy of the lease agreement, as it is undated, unexecuted, and

4

appears to be a form document with no indication of the parties thereto or the terms thereof. All other factual allegations of paragraph 13 and footnote 3 are denied.

14. Denied.

15. Denied.

16. The defendants are without knowledge or information sufficient to form a belief as to the plaintiffs' subjective beliefs as alleged in paragraph 16. Defendants admit that plaintiffs paid a one-time fee towards rental of the apartment. All other factual allegations of paragraph 16 are denied.

17. Denied.

18. The defendants are without knowledge or information sufficient to form a belief as to the truth of the plaintiffs' allegations regarding their subjective beliefs as alleged in paragraph 18, but deny that any such belief could have been reasonable. Defendants further state the lease agreement speaks for itself. All other factual allegations contained in paragraph 18 are denied.

19. Denied.

20. Paragraph 20 states a conclusion of law to which no response is required.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. The defendants deny that the heating in the apartment was inadequate. Defendants admit that in response to the plaintiffs' request they provided the plaintiffs with two electric radiators for the apartment. All other allegations of paragraph 27 are denied.

28. Admitted.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied. By way of further answer, the defendants say that the lease agreement speaks for itself. All other factual allegations of paragraph 36 are denied.

37. Denied.

38. Denied.

39. Denied.

40. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44. By way of further answer, defendants say that the medical records speak for themselves.

45. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47. Defendants say that the test results speak for themselves, but deny any illegality.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. The first sentence of paragraph 54 is incomplete and is so vague as to render the defendants unable to admit or deny the allegations contained therein. The defendants are, therefore, without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54. All other factual allegations of paragraph54 are denied.

55. Denied.

56. The defendants admit that the plaintiffs sent Exhibit "F" which purports to be a demand under Chapter 93A.

57. The defendants admit that they received Exhibit "F" on or about March 15, 2004.

58. Denied.

## COUNT I
## VIOLATION OF M.G.L. c. 186, §15B

59. The defendants repeat and restate their responses to paragraphs 1 through 58 as though fully set forth herein.

60. Denied.

61. Denied.

62. Denied.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF HABITABILITY

63. The defendants repeat and restate their responses to paragraphs 1 through 62 as though fully set forth herein.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## COUNT III
## BREACH OF LEASE AGREEMENT

68. The defendants repeat and restate their responses to paragraphs 1 through 67 as though fully set forth herein.

69. Denied.

70. Denied.

71. Denied.

## COUNT IV
## VIOLATION OF M.G.L. c. 93A

72. The defendants repeat and restate their responses to paragraphs 1 through 71 as though fully set forth herein.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

## COUNT V
## NEGLIGENCE

79. The defendants repeat and restate their responses to paragraphs 1 through 78 as though fully set forth herein.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

WHEREFORE, the defendants say that the plaintiffs' Complaint against them should be dismissed and that judgment should enter for the defendants, together with their costs.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for violation of M.G.L. c. 186, §15B, breach of implied warranty of habitability, breach of the lease agreement, violation of M.G.L. c. 93A, or negligence.

## SECOND AFFIRMATIVE DEFENSE

If the Complaint states a claim as to any of its counts, it is as a result of the actions of parties other than the defendants.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to hold defendant Samuel Zell personally liable.

## FOURTH AFFIRMATIVE DEFENSE

The harm alleged in the Complaint was caused in whole or in part by persons or entities for whom or for which the defendants had no responsibility.

## FIFTH AFFIRMATIVE DEFENSE

The harm alleged in the Complaint is the result of a superceding or intervening cause and is not the result of the defendants' conduct.

## SIXTH AFFIRMATIVE DEFENSE

The claims against the defendants are barred in whole or in part by the plaintiffs' own negligence.

## SEVENTH AFFIRMATIVE DEFENSE

The defendants say that to the extent they had any obligations to the plaintiffs, such obligations were fully, completely, and properly performed in every respect.

## EIGHTH AFFIRMATIVE DEFENSE

The defendants say that the plaintiffs, by their conduct and actions and/or the conduct or actions of their agents or servants, are estopped to recover any judgment against the defendants.

## NINTH AFFIRMATIVE DEFENSE

The plaintiffs by their conduct and actions, and/or by the conduct and agents of their agents and servants, have waived any and all rights they may have had against the defendants, and therefore the plaintiffs cannot recover.

## TENTH AFFIRMATIVE DEFENSE

The defendants say that the Complaint should be dismissed pursuant to Rule 12(b)(4) for insufficiency of process.

## ELEVENTH AFFIRMATIVE DEFENSE

The defendants say that the Complaint should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process.

## TWELFTH AFFIRMATIVE DEFENSE

The defendants say that defendants Equity Residential Properties Management Corp. II, Equity Residential Properties Management Limited Partnership, Samuel Zell as Trustee of Equity Residential, and Equity Residential, are improperly named as defendants in this matter, and that the Court does not have personal jurisdiction over them. Therefore, the Complaint should be dismissed as to those defendants pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

## THIRTEENTH AFFIRMATIVE DEFENSE

The defendants say that the plaintiffs have failed to comply with the notice requirements of General Laws Chapter 93A, Section 9, wherefore the plaintiffs are barred from recovery.

## JURY DEMAND

The defendants hereby demand a jury on all claims so triable.

                Defendants,

                GROVE OPERATING LIMITED PARTNERSHIP, EQUITY RESIDENTIAL PROPERTIES MANAGEMENT CORP., EQUITY RESIDENTIAL PROPERTIES MANAGEMENT CORP. II, EQUITY RESIDENTIAL PROPERTIES MANAGEMENT LIMITED PARTNERSHIP, SAMUEL ZELL as Trustee of EQUITY RESIDENTIAL, and EQUITY RESIDENTIAL

                By their attorneys,

                */s/ E.A. Houlding*
                Allen N. David (BBO #115000)
                Elizabeth A. Houlding (BBO #645981)
                PEABODY & ARNOLD LLP
                30 Rowes Wharf
                Boston, MA 02110
                (617) 951-2100

PABOS2:EHOULDI:597745_1
13187-90883

## CERTIFICATE OF SERVICE

I, Elizabeth A. Houlding, hereby certify that I have this 30th day of September, 2004 served a copy of the foregoing document by first class mail, postage prepaid upon Rachael Manzo, Dailey & Associates, P.A., 353 West Center Street, P.O. Box 517, West Bridgewater, MA 02739.

_____
Elizabeth A. Houlding

PABOS2:EHOULDI:597745_1
13187-90883